1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    SEVENTH-DAY ADVENTIST CHURCH              1:08-cv-00531-OWW-GSA-PC
      MEMBERS, ACQUAINTANCES AT
12    CALIFORNIA SUBSTANCE ABUSE               ORDER DEEMING GREGORIO C.
      TREATMENT FACILITY & STATE               FUNTANILLA, JR., THE SOLE PLAINTIFF
13    PRISON, including GREGORIO C.             IN THIS ACTION
      FUNTANILLA, JR.,
14                                             ORDER FINDING PLAINTIFF INELIGIBLE
                      Plaintiff,               TO PROCEED IN FORMA PAUPERIS IN
15                                             THIS ACTION, AND REQUIRING
            vs.                                PLAINTIFF TO PAY $350.00 FILING FEE IN
16                                             FULL WITHIN THIRTY DAYS OR THIS
      R. GOMEZ, et al.,                        ACTION WILL BE DISMISSED
17                                             (Docs. 2, 4)
                      Defendants.
18                                             THIRTY DAY DEADLINE
      _____/
19

20          Plaintiff Gregorio C. Funtanilla is a state prisoner proceeding pro se in this civil rights action

21    pursuant to 42 U.S.C. § 1983.  This action was filed on April 18, 2008, on behalf of Funtanilla and

22    others who are members or acquaintances of the Seventh-Day Adventist Church at the California

23    Substance Abuse Treatment Facility and State Prison in Corcoran, California.

24          Pursuant to court rules, each document submitted for filing must include the original

25    signature of the filing party or parties.  Local Rule 7-131; F.R.C.P. 11(a).  Here, fifteen plaintiffs are

26    named in the body of the complaint; however, the only plaintiff who signed the complaint was

27    Funtanilla.  Funtanilla is the only plaintiff who has signed any of the documents submitted to the

28    court by plaintiffs in this action.  Funtanilla has submitted two applications to proceed in forma

                                                  1

1    pauperis with financial information for himself only.    No other plaintiff has submitted any

2    documents in this action.    The court finds no evidence that any other plaintiff besides Funtanilla is

3    participating in the prosecution of this action.    Therefore, Funtanilla ("plaintiff") shall be deemed

4    the sole plaintiff in this action.

5    　　　　To the extent that plaintiff may seek certification of this litigation as a class action, the court

6    will not construe it as such.    Plaintiff is a non-lawyer proceeding without counsel.    It is well

7    established that a layperson cannot ordinarily represent the interests of a class.    See McShane v.

8    United States, 366 F.2d 286 (9th Cir. 1966).    This rule becomes almost absolute when, as here, the

9    putative class representative is incarcerated and proceeding pro se.    Oxendine v. Williams, 509 F.2d

10   1405, 1407 (4th Cir. 1975).    In direct terms, plaintiff cannot "fairly and adequately protect the

11   interests of the class" as required by Fed. R. Civ. P. 23(a)(4).    See Martin v. Middendorf, 420 F.

12   Supp. 779 (D.D.C. 1976).    This action, therefore, will not be construed as a class action and instead

13   will be construed as an individual civil suit brought by plaintiff.

14   　　　　Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.

15   Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this

16   section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

17   facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

18   that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

19   prisoner is under imminent danger of serious physical injury." Plaintiff has had three or more actions

20   dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[1]

21   Thus, plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis

22   unless plaintiff is, at the time the complaint is filed, under imminent danger of serious physical

23   injury.    Plaintiff has alleged no facts in this action that support a finding that he is, at this time, under

24   imminent danger of serious physical injury.    Therefore, plaintiff may not proceed in forma pauperis

25   in this action, and must submit the appropriate filing fee in order to proceed with this action.

26   _____

27   　　　[1] The court takes judicial notice of 2:92-cv-01017-LKK-JFM-PC Funtanilla v. Tieman (E.D. Cal.)
     (dismissed as frivolous on 10/08/1992), 3:98-cv-03779-TEH Funtanilla v. Duke-Bray (N.D. Cal.) (dismissed for

28   failure to state a claim on 01/06/1999), and 1:98-cv-06365-AWI-SMS-PC Funtanilla v. Ninevella (E.D. Cal.)
     (dismissed for failure to state a claim on 03/14/2001).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Gregorio C. Funtanilla, Jr., is deemed the sole plaintiff in this action;

2.      Pursuant to 28 U.S.C. § 1915(g), plaintiff is ineligible to proceed in forma pauperis in this action;

2.      Plaintiff shall submit the $350.00 filing fee in full within **thirty (30) days**; and

3.      If plaintiff fails to pay the $350.00 filing fee in full within thirty days, this action will be dismissed, without prejudice.


IT IS SO ORDERED.

   **Dated:**   **May 8, 2008**                      **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE