IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> R. GOMEZ, et al., <br><br> Defendants. | 1:08-cv-00531-OWW-GSA-PC <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION <br>(Doc. 6.) <br><br> ORDER VACATING IN PART THE COURT'S ORDER OF MAY 9, 2008 <br>(Doc. 5.) |

**I.    RELEVANT PROCEDURAL HISTORY**

On May 9, 2008, the court issued an order finding plaintiff ineligible to proceed in forma pauperis under 28 U.S.C. § 1915 and ordering plaintiff to pay the $350.00 filing fee in full for this action within thirty (30) days. On May 21, 2008, plaintiff filed a motion for reconsideration of the court's order.

**II.   MOTION FOR RECONSIDERATION**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."   Local Rule 78-230(k)(3).

Plaintiff argues that his complaint filed April 8, 2008, alleges he is in "imminent danger of serious physical injury" and therefore is entitled to proceed in forma pauperis under 28 U.S.C. § 1915. Section 1915 governs proceedings in forma pauperis and provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to §1915(g)." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The prisoner is required to "allege an ongoing danger." Id. at 1056. "A prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57.

Plaintiff acknowledges that he has three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[1] However, plaintiff directs the court to pages 9 and 10 of the complaint, in which he alleges he is in imminent danger because a known inmate-enemy is being housed at E-Facility, where plaintiff is also housed. Plaintiff states that defendant Captain Lias knows plaintiff is housed at E-Facility, knows plaintiff's inmate-enemy is listed on plaintiff's inmate-enemy list and is also housed at E-Facility, and knows there is opportunity for the inmate-enemy to cause serious injury or death to plaintiff because they are housed at E-Facility together. Plaintiff states that he fears he will be assaulted or murdered on the exercise yard by the inmate-enemy. Plaintiff alleges he has asked counselors at the prison to transfer him to a safer facility or another prison, but they denied his requests, stating they were "too busy."

The court has thoroughly reviewed plaintiff's complaint and finds that under these standards, he alleges facts demonstrating that he was in imminent danger of serious physical harm pursuant to 28

---

[1] The court takes judicial notice of 2:92-cv-01017-LKK-JFM-PC Funtanilla v. Tieman (E.D. Cal.) (dismissed as frivolous on 10/08/1992), 3:98-cv-03779-TEH Funtanilla v. Duke-Bray (N.D. Cal.) (dismissed for failure to state a claim on 01/06/1999), and 1:98-cv-06365-AWI-SMS-PC Funtanilla v. Ninevella (E.D. Cal.) (dismissed for failure to state a claim on 03/14/2001).

U.S.C. § 1915(g) at the time the complaint was filed. Therefore, plaintiff's motion for reconsideration shall be granted, and the court's order of May 9, 2008, shall be vacated in part.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is GRANTED;
2. The court's order of May 9, 2008 is vacated in part, only as to the ruling that plaintiff is ineligible to proceed in forma pauperis in this action; and
3. The court shall issue an order granting plaintiff leave to proceed in forma pauperis.

IT IS SO ORDERED.

Dated: **June 20, 2008**            /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE