United States District Court
For the Eastern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY FUNTANILLA,

    Plaintiff,

    v.

R. GOMEZ; D. ADAMS; R. HALL; D. YBARRA; M.A. BAIRES; S. SMITH; J. LIAS; S. SHERMAN; K. CLARK; N. GRANNIS; D. HETEBRINK; DOES 1-11, each in his official and individual capacity,

    Defendants.

No. C 08-0531 WHA (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

(Docket No. 25)

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action. On December 31, 2009, the case was dismissed without prejudice because plaintiff had failed to complete a Notice of Submission of Documents form, summonses for service of process upon defendants, and the USM 285 forms, and to submit them to the Court along with copies of the complaint by the deadline. Plaintiff has filed a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

    Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255,

1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff does not indicate the provision of Rule 60(b) under which reconsideration is warranted. In his motion, plaintiff requests that he be granted an additional thirty-day extension of time in which to submit the required service forms and in which to file an amended complaint. Plaintiff does not show cause why he allowed the deadline to submit the forms to expire.

On May 11, 2009, the complaint was ordered served upon the defendants, and the clerk issued the summonses and sent them with USM 285 forms to plaintiff with instructions to insert defendants' proper names and addresses for service. Plaintiff was further instructed to submit a completed Notice of Submission of Documents form (which was also sent to him), the summonses, and the USM 285 forms, to the court within thirty days along with copies of the complaint. In the same order, plaintiff was allowed leave to amend his complaint as to certain defective claims. On July 7, 2009, plaintiff filed a "late declaration" in which he complained that he did not have access to his legal papers, and requested additional time in which to submit the required forms and to file an amended complaint. On August 21, 2009, defendants were ordered to show cause as to plaintiff's access to his legal papers. The order could not be served on defendants, however, because plaintiff had not submitted the necessary information for service of process upon them and they had not yet appeared in this action. On September 16, 2009, plaintiff was granted an extension of time to October 12, 2009 in which to return the required documents, and he was warned that if he did not do so the case would be dismissed.. On December 31, 2009, the case was dismissed and the August 21, 2009 order to show cause was vacated because plaintiff had not submitted the required documents, nor had he requested any further extension of time in which to do so.

Plaintiff has not shown any basis for reconsideration of the dismissal. Plaintiff did not submit the required documentation before the deadline of October 12, 2009, and he did not

2

request an extension of that deadline prior to either its expiration or the dismissal of this case. Indeed, plaintiff did not respond to the order of September 16, 2009 in any way. The only communication received from plaintiff between that order and the dismissal of this case was on September 21, 2009, when he filed a "Motion to Have Defendants Served with Copy of Order to Show Cause." In that motion, plaintiff complained that he did not have access to his legal papers, and he requested service of the order to show cause upon defendants. He did not, however, request a further extension of the deadline for submitting the required documents for service. At that time, plaintiff still had nearly a month, to and including October 12, 2009, in which to do so. The deadline then passed with no further communication from plaintiff, let alone any request for an extension of time. Indeed, plaintiff did not communicate with the Court in any fashion in the three months that passed before the case was dismissed. Plaintiff has not shown why the order of dismissal should be reconsidered, nor why he should be granted an extension of time after the case has been dismissed.

Plaintiff also states in his motion that "the Court failed to consider the statute of limitation problem plaintiff has if he were to re-file." Plaintiff does not identify any statute of limitations that would bar any of his claims, however, nor has he cited any authority that this would constitute grounds for reconsideration under Rule 60(b).

Accordingly, the motion for reconsideration (docket number 25) is **DENIED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April   9  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\Funtanilla0531.EDCA.REC.wpd